# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 10-130V
### Filed: August 5, 2014

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RONALD S. HALL, JR. and TONI E. HALL, | * | |
| as parents and natural guardians of, | * | |
| P.H., | * | |
| Petitioners, | * | Stipulation; Attorney Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Diana Stadelnikas Sedar, Esq.*, Maglio Christopher & Toale, P.A., Sarasota, FL for petitioners.
*Traci R. Patton, Esq.*, US Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision on March 7, 2014, that awarded compensation pursuant to the parties' joint stipulation. On August 4, 2014, the parties filed a stipulation for attorney fees and costs. The stipulation indicates that the parties discussed the fees and costs informally, and based on those discussions, the parties have agreed on $49,000.00 in attorneys' fees and costs and $7,005.18 in petitioners' costs for a total of $56,005.18.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate.

Accordingly, I hereby award the total **$56,005.18**[3] **as follows:**

- **a lump sum of $49,000.00 in the form of a check payable jointly to petitioners (Ronald Hall, Jr. and Toni Hall) and petitioners' counsel of record (Diana Stadelnikas Sedar) for petitioners' attorney fees and costs, and**

- **a lump sum of $7,005.18 in the form of a check payable to petitioners (Ronald Hall, Jr. and Toni Hall) for their personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**/s Denise K. Vowell**</u>
**Denise K. Vowell**
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).